**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE JAMES MADISON PROJECT<br>1250 Connecticut Avenue, N.W.<br>Suite 700<br>Washington, D.C. 20036<br><br>     and<br><br>ADAM ENTOUS<br>The New Yorker<br>1 World Trade Center<br>New York, NY 10007<br><br>     Plaintiffs,<br><br>     v.<br><br>DEPARTMENT OF STATE<br>Office of the Legal Adviser<br>600 19th Street, NW<br>Washington, D.C. 20522<br><br>     Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT**

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, seeking the production of agency records requested by the plaintiffs The James Madison Project and Adam Entous from the defendant Department of State.

**JURISDICTION**

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

**VENUE**

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

**PARTIES**

3. Plaintiff The James Madison Project ("JMP") is a non-partisan organization established in 1998 to promote government accountability and the reduction of secrecy, as well as educating the public on issues relating to intelligence and national security.

4. Plaintiff Adam Entous is a staff writer for The New Yorker, and is a representative of the news media.

5. Defendant Department of State ("State") is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action.

**FACTUAL BACKGROUND**

6. This lawsuit is brought under the Freedom of Information Act ("FOIA"). It seeks production of certain non-exempt U.S. Government records, namely the report of the Accountability Review Board ("ARB Report") addressing circumstances surrounding medical and health problems reported by U.S. Government officials working in Cuba, as well as steps that will be or have already been taken to implement the recommendations of the ARB Report.

7. In August 2017, media outlets began reporting that U.S. Government officials working in the U.S. Embassy in Havana, Cuba, were subjected to an "acoustic attack" that resulted in health problems. *https://www.cnn.com/2017/08/09/politics/us-cuba-acoustic-attack-embassy/index.html* (last accessed April 17, 2018). The attacks began in mid-November 2016 and lasted until Spring 2017, forcing U.S. Government officials and their family members to seek medical treatment. *https://www.cnn.com/2017/08/20/politics/havana-sonic-attacks/index.html* (last accessed April 17, 2018). President Trump

has publicly stated that he believes the Cuban Government is responsible for the attacks. *https://www.cnn.com/2017/10/16/politics/trump-cuba-us-diplomats-attack/index.html* (last accessed April 17, 2018).

8. On January 12, 2018, then-Secretary of State Rex Tillerson convened an independent ARB to review the matter. The finalized ARB Report was submitted to Congress on August 30, 2018, outlining recommendations and actions taken in response. *https://www.state.gov/r/pa/prs/ps/2018/08/285576.htm* (last accessed September 17, 2018). To date, the complete details of the ARB Report remain concealed from the American public.

9. In the meantime, details surrounding what transpired in Cuba and the impact it has had on the U.S. Government officials (and their families) who were stationed there continues to emerge in public reporting. *https://nypost.com/2017/10/12/revealed-sound-of-the-sonic-attack-on-americans-in-cuba/* (last accessed February 7, 2019); *https://www.newsweek.com/cuba-us-embassy-sonic-attack-crickets-havana-scientists-acoustic-weapon-mass-1281389* (last accessed February 7, 2019); *https://www.theguardian.com/world/2018/sep/02/microwave-weapons-us-embassy-cuba-china-new-york-times* (last accessed February 7, 2019); *https://www.nytimes.com/2018/12/12/world/americas/cuba-embassy-attacks.html* (last accessed February 7, 2019).

10. Academic studies have also been conducted and published, such as one study published in a medical journal in March 2018 outlining the medical and physical symptoms suffered by 21 U.S. Government personnel who had been stationed in Cuba. *https://www.cnn.com/2018/12/12/health/cuba-acoustic-attack-symptoms-study/index.html* (last accessed February 7, 2019). The National Academies of Sciences,

Engineering, and Medicine has now been commissioned by State to conduct its own investigation of the matter. *https://news.yahoo.com/cuba-medical-mystery-deepens-state-department-turns-new-scientific-panel-answers-182912582.html?soc_src=hl-viewer&soc_trk=tw* (last accessed February 7, 2019).

11. This FOIA lawsuit seeks disclosure of the ARB Report, as well as State's efforts to address its recommendations, in order to better inform the public about the impact these "acoustic attacks" had on U.S. Government personnel, the deficiencies in the U.S. Government's initial response to the problem, and efforts now being made to rectify the matter.

**COUNT ONE**

12. The plaintiffs, JMP and Entous (hereinafter referred to jointly as "the Requesters"), repeat and reallege paragraphs 6 through 11 above, inclusive.

13. By letter dated September 17, 2018, the Requesters submitted to State a FOIA request.

14. The FOIA request specifically sought copies of records, including cross-references, memorializing the entirety of the ARB Report, as well as any inter-agency or intra-agency correspondence outlining steps to implement the recommendations of the ARB Report.

15. State acknowledged receipt of the FOIA request and assigned it a request number.

16. To date, no substantive response has been received by the Requesters from State. The Requesters have constructively exhausted all required administrative remedies.

WHEREFORE, plaintiffs The James Madison Project and Adam Entous pray that this Court:

(1) Order the defendant federal agency to process and release to the plaintiffs all non-exempt copies of responsive records;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d);

(3) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(4) Grant such other relief as the Court may deem just and proper.

Date:   February 7, 2019

                              Respectfully submitted,

                              /s/
                              _____
                              Mark S. Zaid, Esq.
                              D.C. Bar #440532
                              Bradley P. Moss, Esq.
                              D.C. Bar #975905
                              Mark S. Zaid, P.C.
                              1250 Connecticut Avenue, N.W.
                              Suite 700
                              Washington, D.C. 20036
                              (202) 454-2809
                              (202) 330-5610 fax
                              Brad@MarkZaid.com
                              Mark@MarkZaid.com

                              Attorneys for Plaintiffs